# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Case No.: 2:13-cr-00339-GMN-PAL-1 |
| vs. | ) | |
| | ) | **ORDER** |
| JASON MATTHEW ROMERO, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| | ) | |

Pending before the Court is Petitioner Jason Romero's ("Petitioner's") First Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("First 2255 Motion"), (ECF No. 38).[1]

Also pending before the Court is Petitioner's Abridged Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Abridged 2255 Motion"), (ECF No. 45).[2]

Also pending before the Court is Petitioner's Second Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Second 2255 Motion"), (ECF No. 46).  The Government filed a Response, (ECF No. 48), to which Petitioner filed a Reply, (ECF No. 49).[3]

For the reasons discussed below, the Court **DENIES** Petitioner's First 2255 Motion, Abridged 2255 Motion, and Second 2255 Motion.

---

[1] Petitioner later filed a Notice of Voluntary Withdrawal of his non-*Johnson* claims as raised in his First 2255 Motion. (*See* Notice Voluntary Dismissal, ECF No. 44).  In light of his voluntary withdrawal, the Court solely considers Petitioner's *Johnson* claim in the following analysis.

[2] Petitioner indicates, in his Abridged Motion to Vacate, that he filed the abridged motion to preserve his *Johnson* claim for further briefing. (Abridged Mot. Vacate 1:17–2:6, ECF No. 45).

[3] Petitioner also filed a Supplemental Brief, (ECF No. 75), pursuant to the Court's Order requesting additional supplemental in light of potential new Ninth Circuit decisions.  The Government filed a Response to Petitioner's Supplemental Brief, (ECF No. 76).

## I.  <u>BACKGROUND</u>

On June 30, 2014, Petitioner pleaded guilty to Counts One, Three, Five, and Seven of the Indictment: Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951; and Count 8 of the Indictment: Carrying and Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). (*See* Plea Agreement, ECF No. 30); (*see also* Mins. Proceedings, ECF No. 29).  The Court sentenced Petitioner to 60-months custody as to Counts 1, 3, 5, and 7, per count, to run concurrent to each other, and 84-months custody as to Count 8, to run consecutive to all other counts. (*See* J., ECF No. 37); (*see also* Mins. Proceedings, ECF No. 35).

On June 26, 2015, the United States Supreme Court held that the residual clause in the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA") violates due process. *See Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015).  Petitioner subsequently filed the First 2255 Motion, asserting that he is entitled to resentencing in light of *Johnson* and further that counsel rendered ineffective assistance of counsel. (*See* First 2255 Mot., ECF No. 28).  Petitioner then filed a Notice of Voluntary Dismissal of his non-*Johnson* claims. (Notice of Voluntary Dismissal, ECF No. 44).  In addition, Petitioner filed his Abridged 2255 Motion and his Second 2255 Motion. (Amended 2255 Mot., ECF No. 45); (Second 2255 Mot., ECF No. 46).

In April 2020, the Ninth Circuit in *United States v. Dominguez* held that a completed Hobbs Act robbery, in violation of 18 U.S.C. §1951, is a crime of violence under the "force clause" of Section 924(c)(3).[4] *Dominguez*, 954 F.3d 1251 (9th Cir. 2020).  In light of the new Ninth Circuit decision, the Court requested additional briefing, addressing any new applicable

---

[4] The Ninth Circuit also determined that an attempted Hobbs Act robbery is also a crime of violence under the "force clause." *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020).  Dominguez filed a petition for writ of certiorari, solely appealing whether an attempted Hobbs Act robbery is a crime of violence. *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020), *petition for cert. filed*, 80 U.S.L.W. 3463 (U.S. Jan. 21, 2021) (No. 20-1000)

Ninth Circuit rulings. (*See* Min. Order, ECF No. 74).  Petitioner filed a Supplement to his Second Motion to Vacate, (ECF No. 75), and the Government filed a Response, (ECF No. 76).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the sentencing Court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a).  Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).  "[A] district court may deny a Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

## III.   DISCUSSION

In his Motion, Petitioner asserts that he is entitled to relief in light of the Supreme Court's decision in *Johnson*. (*See generally* Second 2255 Mot., ECF No. 46).  Petitioner further requests the Court grant him a certificate of appealability if the Court declines to find his Section 924(c) conviction and sentence unconstitutional. (*See* Suppl. to Second 2255 Mot., ECF No. 75).  The Court addresses each argument in turn.

### A.  Motion to Vacate under Section 2255

Defendant challenges the constitutionality of his underlying conviction under 18 U.S.C. § 924(c), arguing that his conviction is void because his underlying charge, a Hobbs Act robbery, no longer qualifies as a "crime of violence" under *Johnson*. (Second 2255 Mot. 3:2–8).  The Ninth Circuit, however, has since held that a completed Hobbs Act robbery constitutes a "crime of violence" under 18 U.S.C. § 924(c). *Dominguez*, 954 F.3d at 1251.  Though

Dominguez ultimately filed a Petition for Writ of Certiorari, Dominguez solely appealed the Ninth Circuit's decision that an *attempted* Hobbs Act robbery qualifies as a crime of violence. (Seventh Joint Status Report 2:5–8, ECF No. 73); *see also United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020), *petition for cert. filed*, 80 U.S.L.W. 3463 (U.S. Jan. 21, 2021) (No. 20-1000).  Therefore, the Ninth Circuit's decision regarding a *completed* Hobbs Act robbery remains authoritative.

In the present case, Petitioner pleaded guilty to four counts of completed Hobbs Act robbery. (*See generally* Plea Agreement, ECF No. 30).  The Ninth Circuit's holding in *Dominguez* thus forecloses Petitioner's argument that a completed Hobbs Act robbery is not a crime of violence. *Dominguez*, 954 F.3d at 1255 ("In light of recent Supreme Court cases, we also reiterate our previous holding that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)."); *see also United States v. Jones,* 848 F. App'x 288, 289 (9th Cir. 2021) (reaffirming that Hobbs Act robbery is a crime of violence under § 924(c)). Notably, Petitioner concedes that the "Ninth Circuit has not issued an applicable decision pertaining specifically to Hobbs Act robbery since *United States v. Dominguez*." (Suppl. to 2255 Mot. 1:5–9).

Petitioner attempts to circumvent the Ninth Circuit's decision in *Dominguez* by arguing that *Dominguez* conflicts with existing Supreme Court and Ninth Circuit precedent. (*Id.* 2:7–3:23).  Specifically, Petitioner argues that the Ninth Circuit in *Dominguez* failed to consider a "realistic scenario" when analyzing whether the statute was facially overbroad, as is required under Ninth Circuit precedent in *Descamps v. United States*, 570 U.S. 254, 265 (2013), and *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007). (*Id.* 2:24– 3:23).  The Ninth Circuit, however, explicitly rejected this argument in *United States v. Hall*, 845 F. App'x 644, 645 n.3 (9th Cir. 2021).  There, the Ninth Circuit reiterated that the "circuit's published opinions on the law are authoritative once issued and remain binding on subsequent panels of this court." *Id.*

(citing *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1121 (9th Cir. 2020) (citation omitted)).  In light of the existing Ninth Circuit precedent, the Court accordingly denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under Section 2255.

**B. Certificate of Appealability**

To proceed with an appeal of this Order, the Court must issue a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard.  Petitioner requests the Court issue a certificate of applicability if the Court denies relief. (Suppl. to 2255 Mot. 3:24–4:26).  Specifically, Petitioner argues that "the Ninth Circuit has not yet resolved [Petitioner's] argument that *Dominguez* conflicts with earlier, binding Supreme Court and Ninth Circuit precedent." (*Id*. 4:17–19).  The Ninth Circuit, however, directly denied Petitioner's argument in *Hall*. 845 F. App'x at 645 n.3.  Thus, the Court denies Petitioner a certificate of appealability.

///

**V.      CONCLUSION**

    **IT IS HEREBY ORDERED** that Petitioner's First 2255 Motion, (ECF No. 38), is **DENIED**.

    **IT IS FURTHER ORDERED** that Petitioner's Abridged 2255 Motion, (ECF No. 45), is **DENIED**.

    **IT IS HEREBY ORDERED** that Petitioner's Second 2255 Motion, (ECF No. 46), is **DENIED**.

    Dated this   1   day of November, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT